Filed Via Mail
AUG 23 2018
CLERK, US BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
Tampa DIVISION
10 Pages Scanned by NB

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

In re:

**HEATHER HILLS ESTATES, LLC,**     Case No. 9:16-bk-09521-CPM
                                     Chapter 11
    Debtor:                          Hon. Catherine Peek McEwen
_____/

**PETITION OF VAN LOAN ET AL TO ENFORCE THEIR SETTLEMENT AGREEMENT WITH HEATHER HILLS ESTATES LLC AND THE HEATHER HILLS PROPERTY OWNERS ASSOCIATION, INC.**

Erick Van Loan, John J. Morelli, Charles J. Roodhouse, and Kerry L. Koontz, individually and jointly, petition this Honorable Court to enforce their settlement agreement with Heather Hills Estates LLC and the Heather Hills Property Owners Association, Inc.

1. A copy of the executed settlement agreement is attached hereto as Exhibit 1.

2. The Court's Order Confirming Plan, Doc. 258, at page 5, paragraph 4, expressly authorized the Debtor and Purchaser to enter into any agreements relating to Van Loan et al and lots excluded from the Plan by the Court. The lots of Van Loan, Morelli, Roodhouse and Koontz meet the Court's definition of Excluded Lots.

3. This Court possess related to jurisdiction to enforce the terms of this settlement agreement which is tested at the time it is invoked. Randall & Blake, Inc. v. Evans (In re Canion), 196 F.3d 579, 587 n. 29 (5th Cir. 1990); In re Morris, 950 F.2d 1531 (11th Cir. 1992). This Court possesses jurisdiction to enter a final order or judgment with regard to this settlement agreement in that each party to the settlement agreement has consented, either expressly or impliedly, to its jurisdiction. In re Safety Harbor Resort & Spa, 456 B.R. 703, 705 (Bankr.

M.D. Fla. 2011); In re Davis, 899 F.2d 1136, 1141-42 (11th Cir. 1990). The Court possess inherent authority to summarily enforce a settlement agreement entered into by parties litigant in a pending case. Ford v. Citizens & Southern Nat'l Bank, 928 F.2d 1118, 1121 (11th Cir. 1991); In re Hillsborough Holdings Corp., 267 B.R. 882, 889 (Bankr. M.D. Fla. 2001).

4.  Consultation with opposing counsel: The undersigned attorney called attorney Michael C. Markham on four separate occasions regarding the effectuation of the terms of this settlement agreement, but did not receive any response. Attorney John Cole was reached and said that patience was the customary and accepted practice in bankruptcy proceedings. The settlement agreement was executed by all parties in March/April 2018, and sufficient time has elapsed to effectuate its terms.

WHEREFORE, Petitioners Van Loan et al request that this Honorable Court enforce the terms of their executed settlement agreement with the heather Hills Estates LLC and the heather Hills Property Owners Association, Inc. In re Evaluation Solutions, LLC, 2013 Bankr. LEXIS 2633*; 2013 WL 3306216 (M.D. Fla. June 27, 2013).

                                    Respectfully submitted,

                                    /s/ Nicholas E. Karatinos

Nicholas E, Karatinos
Florida Bar No. 109742
Law Office of Nicholas E. Karatinos
18920 N. Dale Mabry Highway, Suite 101
Lutz, FL 33548
Tel.: 813.345.5945
FAX: 913.670.2661
Counsel for Van Loan et al
Nek1720@aol.com; nicholas.karatinos@outlook.com

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this the 20th day of August, 2018, I had cause to serve this document with attached Exhibit 1 by United States Mail, postage pre-paid to:

Clerk of Bankruptcy Court
801 N. Florida Avenue
Suite 555
Tampa, FL 33602

Michael C. Markham, Esq.
401 E. Jackson Street, Suite 3100
Tampa, FL 33602

John Cole, Esq.
46 N. Washington Blvd., Suite 24
Sarasota, FL 34236

This document was served by e-mail attachment on this the 20th day of August, 2018, with attached Exhibit 1, to:

Nathan A. Wheatley,
United States Trustee, Region 21
nathan.a.wheatley@usdoj.gov

Laura Bamond, Esq.
Bamond128@gmail.com

_/s/ Nicholas E. Karatinos_
Nicholas E. Karatinos

## SETTLEMENT AGREEMENT

**THIS SETTLEMENT AGREEMENT** is made and entered into by and between Heather Hills Property Owners Association, Inc. (the "HHPOA"), and Rick and Chris Stephens, LLC n/k/a Heather Hills Estates LLC (the "Debtor") and Erick Van Loan, John J. Morelli, Charles Roodhouse, Kerry L. Koontz (the "Van Loan Plaintiffs").

**WHEREAS**, in 2012 the HHPOA recorded an Additional Declaration of Covenants, Conditions and Restrictions (the "HHPOA Declaration") relating to the Heather Hills Estates group of subdivisions ("Heather Hills"); and

**WHEREAS**, on or about May 20, 2013, the Van Loan Plaintiffs, through attorney Nicholas Karatinos ("Karatinos"), filed an action in Manatee County Circuit Court against the HHPOA and Rick and Chris Stephens LLC (the "Debtor"), bearing case no. 2013CA003275 (the "Van Loan Action") challenging the HHPOA Declaration; and

**WHEREAS**, on or about November 18, 2015, the state court entered an order dismissing the Van Loan Action, and the Van Loan Plaintiffs appealed; and

**WHEREAS**, on or about December 16, 2016, the Second District Court of Appeal entered its decision reversing the dismissal and remanding the case to the trial court where the Van Loan Action remains pending; and

**WHEREAS**, on or about November 4, 2016, the Debtor filed a voluntary chapter 11 bankruptcy petition in the United States Bankruptcy Court for the Middle District of Florida, bearing case no. 8:16-bk-09521 (the "Bankruptcy Case"); and

**WHEREAS**, the Van Loan Plaintiffs have filed various papers in the Bankruptcy Case, including their ballots, their objections to the Debtor's plans of reorganization and their motions to dismiss the bankruptcy (collectively, the "Van Loan Bankruptcy Filings"); and

**WHEREAS**, the Debtor has filed a Plan of Reorganization dated January 18, 2018 (the "Plan"), modified on March 6, 2018, that is scheduled for hearing on March 23, 2018;

**WHEREAS**, the parties wish to resolve any and all issues and claims between them, including any and all issues relating to the Van Loan Action and the Bankruptcy Case, and this is intended as a global settlement between the parties.

**NOW THEREFORE**, in consideration of the mutual promises and covenants contained herein, the parties hereby stipulate and agree as follows

1.   Upon Bankruptcy Court approval of this Settlement Agreement, the Debtor shall pay Karatinos $15,000 in full and complete satisfaction of all attorney fees in connection with the Van Loan Action and the Bankruptcy Case



EXHIBIT 1

2. The Van Loan Action and all claims therein shall be dismissed with prejudice with the parties to bear their own attorney fees and costs.

3. The HHPOA shall execute, record and and deliver a release in recordable form, in compliance with Florida law, recorded in the public records of Manatee County, Florida, confirming that the HHPOA Declaration releases and excludes from such Declaration's terms the properties owned by the Van Loan Plaintiffs, and their successors and assigns. The Debtor agrees that the HHPOA Declaration does not attach to the titles of the Van Loan Plaintiffs' lots, and therefore is not a cloud on the titles of the lots owned by the Van Loan Plaintiffs and releasing such lots from (a) the HHPOA Declaration; (b) from the requirement of membership in the HHPOA or its successors or assigns; and (c) from assessments and payment of any assessment past or present by the HHPOA or its successors or assigns. Moreover, the HHPOA confirms that the HHPOA is not a mandatory association and that the Van Loan Plaintiffs are not and have never been members of the HHPOA.

4. The Van Loan Plaintiffs shall immediately withdraw the Van Loan Bankruptcy Filings and take no further position of any kind, directly or indirectly, in the Bankruptcy Case, whether through counsel or otherwise. Moreover, given the terms of the Plan and this Settlement Agreement, the Van Loan Plaintiffs agree that they have no standing to act in the Bankruptcy Case. The Van Loan Plaintiffs shall not take any action to encourage any other resident of Heather Hills to oppose the Plan.

5. Notwithstanding any recorded restrictions relating to Heather Hills, including any current restrictions of record and the New Restrictions proposed in the Plan, the Van Loan Plaintiffs shall have no obligation for the payment of any past or future assessments relating to the Amenities Property owned by the Debtor. The Van Loan Plaintiffs agree, consistent with the Plan, that they shall have no rights of any kind relating to the Amenities Property owned by the Debtor, and shall make no use of such property. Immediately after the recording of the New Restrictions per the Plan, the Debtor shall execute, record and deliver a release in recordable form, in compliance with Florida law, to be recorded in the public records of Manatee County, Florida, stating that the New Restrictions exclude from its terms the properties owned by the Van Loan Plaintiffs. The Debtor releases the Van Loan Plaintiffs from past or future assessments or payment of assessments by or held by the Debtor, its successors or assigns.

6. **THE PARTIES HERETO EXPRESSLY ACKNOWLEDGE THAT THEY UNDERSTAND THE TERMS OF THIS SETTLEMENT AGREEMENT, THAT THEY HAVE ENTERED INTO AND EXECUTED THIS SETTLEMENT AGREEMENT FREELY AND VOLUNTARILY, AND THAT THEY HAVE HAD THE OPPORTUNITY TO CONSULT COUNSEL OF THEIR OWN CHOOSING PRIOR TO EXECUTING THIS SETTLEMENT AGREEMENT.**

7. Miscellaneous.

   a. **Cooperation.** The parties hereto agree to cooperate fully in the execution of any documents or performance in any way which may be

reasonably necessary to carry out the purposes of this Settlement Agreement and to effectuate the intent of the parties hereto.

b. **Anti-waiver.** The rights of the parties under this Settlement Agreement are to be considered cumulative, and the failure on the part of any party to exercise or enforce any rights arising out of this Settlement Agreement shall not operate to forfeit or serve as a waiver of any of those or other rights.

c. **Time is of the Essence.** Time is of the essence of all obligations created by this Settlement Agreement.

d. **Modification of Agreement.** This Settlement Agreement may not be amended or modified except by written instrument signed by all of the parties hereto, and the parties agree that this provision may not be waived except in writing.

e. **Benefit of Agreement.** The terms of this Settlement Agreement shall be binding upon and inure to the benefit of the heirs or successors in interest of the parties hereto.

f. **Entire Agreement.** This Settlement Agreement sets forth the entire understanding of the parties and no verbal or written warranties or representations have been made to induce execution of this Settlement Agreement or have been relied upon which do not appear in writing within this Settlement Agreement. The parties further agree and acknowledge that they have not relied upon and cannot justifiably rely upon any representations or information that are not specifically contained in this Settlement Agreement.

g. **Counterpart / Facsimile Signatures.** The parties agree that this Settlement Agreement may be executed by facsimile signatures and/or by counterpart signatures.

**[Signatures on following pages]**

IN WITNESS WHEREOF, the parties have caused this Settlement Agreement to be executed on the dates set forth below.

**HEATHER HILLS PROPERTY OWNERS ASSOCIATION, INC.**

Its: _____
Dated: _____

**ERICK VAN LOAN**

_Erick Van Loan_
ERICK VAN LOAN
Dated: 7-3-2018

**JOHN J. MORELLI**

_____
Dated: _____

**CHARLES ROODHOUSE**

_____
Dated: _____

**KERRY L. KOONTZ**

_____
Dated: _____

**HEATHER HILLS ESTATES, LLC**

_[signature]_
Its: PRESIDENT
Dated: 4/9/2018

4

IN WITNESS WHEREOF, the parties have caused this Settlement Agreement to be executed on the dates set forth below.

**HEATHER HILLS PROPERTY ASSOCIATION, INC.**

Its: *Gerald Dennis, President*  
Dated: 04-23-18

**ERICK VAN LOAN**

Dated: _____

**JOHN J. MORELLI**

*John J. Morelli*  
Dated: 3/30/18

**CHARLES ROODHOUSE**

*Charles J. Roodhouse*  
Dated: 3/30/18

**KERRY L. KOONTZ**

Dated: _____

**HEATHER HILLS ESTATES, LLC**

Its: _____  
Dated: _____

4

IN WITNESS WHEREOF, the parties have caused this Settlement Agreement to be executed on the dates set forth below.

**HEATHER HILLS PROPERTY ASSOCIATION, INC.**

_____
Its:_____
Dated:_____

**ERICK VAN LOAN**

_____
Dated:_____

**JOHN J. MORELLI**

_____
Dated:_____

**CHARLES ROODHOUSE**

_____
Dated:_____

**KERRY L. KOONTZ**

*/s/ Kerry L. Koontz*
Dated: 28 MAR '18

**HEATHER HILLS ESTATES, LLC**

_____
Its:_____
Dated:_____

4





LAW OFFICE OF
NICHOLAS E. KARATINOS, ESQ.
18920 NORTH DALE MABRY HIGHWAY, SUITE 102
LUTZ, FLORIDA 33548
TEL NO. (813) 345-5945

Clerk of Bankruptcy Court
801 N. Florida Avenue
Suite 555
Tampa, FL 33602